IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC A. WILLIAMS, LD-9511,  )
    Petitioner,  )
                            )
         v.  )   2:14-cv-758
                            )
KIMBERLY A. BARKLEY, et al.,  )
    Respondents.  )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Eric A. Williams for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Eric A. Williams, an inmate at the State Correctional Institution at Greene has presented a petition for a writ of habeas corpus. In his petition, Williams alleges that his sentence has been improperly calculated by the Pennsylvania Department of Probation and Parole ("the Board").

In opposition to the petition, the respondents have submitted the Declaration of Rachel MacNamara, a Parole Manager for the Board whose responsibility is to monitor and track the records of individuals under its supervision.[1] Her representations are fully documented by the supporting records submitted here, and her summation is set forth to establish the chronology of events surrounding the petitioner's incarceration:

    7. On March 7, 1990 the Court of Common Pleas of Delaware County sentenced Williams to serve a term of two to six years for a drug offense at CP# 2462-1989…[the 1989 charge].

    8. The original minimum and maximum dates for this sentence were April 8, 1992 and April 8, 1996…

    9. The Board paroled Williams from this sentence on April 8, 1992.

---

[1] See: Declaration of Rachel MacNamara which is appended at the end of the exhibits submitted in support of that declaration.

1

10. On November 11, 1993, authorities arrested Williams for new drug charges that were docketed in the Court of Common Pleas of Delaware County at CP# 4894-1993 [the 1993 charge].

11. Williams did not post bail [for] the new [1993 criminal charges and as a result he was in custody on those charges from the time of his arrest on November 11, 1993].

12. The Board lodged a detainer against Williams on November 12, 1993.

13. On July 19, 1994, a jury found Williams guilty of Possession of a Controlled Substance with Intent to Deliver and Possession of Drug Paraphernalia [the 1993 charges].

14. On August 2, 1994, the court sentenced Williams to a total a term of 7 to 14 years for the new conviction [the 1993 charges].

16. Following [a] hearing [on December 8, 1994], the Board recommitted Williams as a convicted parole violator and recalculated his maximum sentence date [on the 1989 charges] from April 8, 1996 to December 8, 1998…

17. The December 8, 1998 maximum sentence date reflected that Williams began serving his original sentence [the 1989 sentence] … on December 8, 1994 [the date of the revocation hearing at which time petitioner still had four years remaining on his original sentence]…

18. Williams did not receive credit on his [1989] sentence for the period he was incarcerated from November 11, 1993 to December 7, 1994 [which time was credited to his seven to fourteen year sentence on the 1993 charge]…

22. Williams appealed the [1993 charges; the Superior Court vacated the conviction and the Supreme Court reinstated it]…

31. On July 17, 1997, the Board paroled Williams from his [1989] sentence… to his detainer sentence for [1993] conviction…

32. Williams completed his [1989 sentence] while on parole on that sentence, but [remained] incarcerated on [the 1993 charge]…

33. On June 25, 2003, the Board paroled Williams from his [1993 charge]…

34. Williams' minimum and maximum sentence dates at the time of his release on parole were June 20, 2003 and June 20, 2010, respectively.

35. Williams absconded from parole … on January 7, 2008.

36. On September 26, 2007, authorities charged Williams with new criminal charges that were eventually docketed in the Court of Common Pleas of Delaware County at CP# 1104-2009 [the 2009 charges], but did not immediately detain him on the charges.

37. On November 20, 2007, Maryland authorities detained Williams on new criminal charges…

39. The Maryland court sentenced Williams to serve a total of ten years… with five years suspended …

40. On September 15, 2008, the Board lodged a detainer against Williams in the State of Maryland.

41. On February 19, 2009, the Court of Common Pleas of Delaware County, Pennsylvania detained Williams on the [2009 charges] and denied him bail.

42. On February 17, 2010, Williams pled guilty to Possession with Intent to Deliver a Controlled Substance [on the 2009 charges].

43. The Court sentenced Williams to serve a new term of 6 to 12 years in a state correctional institution for the [2009 conviction] consecutive to his other sentences.

44. On March 5, 2012, Maryland released Williams from his sentence and made him available to Pennsylvania.

45. On May 11, 2012, the Board conducted a violation/revocation hearing for Williams.

46. By decision… (recorded on 05/18/2012), the Board recommitted Williams as a technical and convicted parole violator on his [1993] sentence … and recalculated his maximum sentence date from June 20, 2010 to March 1, 2019.

47. In recalculating Williams' maximum sentence date of March 1, 2019, the Board gave Williams credit on his sentence… from March 5, 2012 [when Maryland made him available to Pennsylvania] forward…

49. On September 5, 2013, the Board paroled Williams from his [1993] sentence to his [2009] detainer sentence …

50. The current minimum and maximum sentence dates for his [2009] sentence … are September 6, 2018 and September 6, 2024 respectively.

51. Williams is currently on parole from his [1993] sentence but confined on his detainer [2009] sentence …

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and *shall be given no credit for the time at liberty on parole.*(emphasis added).

Thus, the record clearly demonstrates that Williams' continued incarceration is not the result of a violation of any federally protected rights. The calculation of Williams' sentence is fully supported by the record here and there is no demonstration that any

4

action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

For this reason, it is recommended that the petition of Eric A. Williams for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

s/ Robert C. Mitchell
Filed: October 6, 2014                United States Magistrate Judge